Filed 7/26/24  P. v. Noel CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Modoc)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C098712 |
| v. | (Super. Ct. No. F-18-084) |
| ARTHUR JOSEPH NOEL, | |
| Defendant and Appellant. | |

A jury found defendant Arthur Joseph Noel guilty of multiple sex offenses against his daughter, and the trial court sentenced him to an aggregate determinate prison term of eight years eight months and an indeterminate term of 95 years to life.  In 2022, this court affirmed the convictions but vacated the sentence and remanded the matter

1

for a full resentencing in compliance with Senate Bill No. 567 (2021-2022 Reg. Sess.). (*People v. Noel* (Oct. 21, 2022; C089559) [nonpub. opn.].)  On remand, the trial court resentenced defendant by changing the sentence on count one to a middle term rather than an upper term but otherwise reimposing the same sentence, resulting in an aggregate determinate term of six years eight months and an indeterminate term of 95 years to life.

In his appellant's opening brief, defendant asserts that in imposing consecutive sentences, the trial court should not have considered defendant's parole eligibility. In response, the People argue, among other things, that defendant forfeited the contention by failing to assert it in the trial court.  In his reply brief, defendant does not argue against forfeiture, but instead claims his trial counsel was ineffective in failing to assert his challenge in the trial court.

Because defendant did not assert his sentencing challenge in the trial court and he has not established ineffective assistance, we will affirm the judgment.

BACKGROUND

On remand for a full resentencing, the parties agreed that defendant's upper term sentence on count one could not stand.  Defendant's trial attorney also argued against consecutive sentences, reasoning it would effectively result in life without the possibility of parole.  Defense counsel urged the trial court to impose a sentence that would protect the public but also afford defendant a possibility of parole in his lifetime.

The People disagreed, asserting factors in aggravation and arguing that defendant would have an opportunity for parole after he turned 50 years old and served 20 years of his sentence, referencing the Elderly Parole Program.  (Pen. Code, § 3055.) Paperwork from the Department of Corrections and Rehabilitation indicated parole eligibility in August 2038.  Defense counsel acknowledged parole eligibility but nevertheless urged concurrent sentences because consecutive sentences were not necessary to protect the public.

The trial court said defense counsel got the court's attention with the argument that a lengthy sentence could deprive defendant of an effective opportunity for parole. But the trial court said the People had countered the concern, adding that aggravating factors supported a greater sentence.

Defense counsel did not assert in the trial court that in imposing consecutive sentences, the trial court should not have considered defendant's parole eligibility.

DISCUSSION

Defendant does not argue against forfeiture, but instead claims his trial counsel was ineffective in failing to assert his sentencing challenge in the trial court. Specifically, defendant argues his trial counsel had no tactical reason not to assert *People v. Heard* (2022) 83 Cal.App.5th 608 (*Heard*) in the trial court. But *Heard* is inapposite and would not have been dispositive.

In *Heard*, the trial court denied a petition for recall and resentencing because the defendant had not been sentenced to life without the possibility of parole (LWOP). (*Heard, supra*, 83 Cal.App.5th at p. 612, 629.) The defendant appealed, arguing his sentence was the functional equivalent of LWOP and that denying relief violated equal protection. (*Ibid*.) The Court of Appeal held that the language of the recall and resentencing provision at issue focused on the sentence at the time it was originally imposed, and under the rules in effect at the time, the defendant would have been eligible for parole after serving 103 years, the equivalent of LWOP. (*Id*. at pp. 628-629.)

This case is different. There is no equal protection claim, and defendant is not facing parole eligibility more than 100 years from now. If defense counsel had asserted *Heard* it would not have been dispositive. Thus, defendant has not shown that he received ineffective assistance of counsel. (See *People v. Weaver* (2001) 26 Cal.4th 876, 931 [counsel is not ineffective for failing to make an unmeritorious motion].)

Because defendant did not assert his sentencing challenge in the trial court and he has not established ineffective assistance, we will affirm the judgment.

3

# DISPOSITION

The judgment is affirmed.

_____/S/_____

MAURO, Acting P. J.

We concur:

_____/S/_____

RENNER, J.


_____/S/_____

KRAUSE, J.